UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROLAND J. DE FRIES,

                        Plaintiff,

              -against-

WELLS FARGO BANK, N.A.,

                        Defendant.

20-CV-10247 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff brings this *pro se* action invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332.[1] Plaintiff asserts claims against Defendant for the loss of his personal property in connection with the foreclosure on his home in Litchfield County, Connecticut. For the following reasons, this action is transferred to the United States District Court for the District of Connecticut.

## DISCUSSION

    Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(1)-(2).

---

[1] For purposes of diversity jurisdiction, a national bank is considered to be a citizen of the "State designated in its articles of association as [the location of] its main office," not every state where it has a branch office. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (interpreting 28 U.S.C. § 1348).

Plaintiff filed this complaint regarding events occurring in Litchfield County, Connecticut. He does not allege that any part of the events or omissions underlying his claim arose in this district, and it is unclear if Defendant is subject to personal jurisdiction in this district in connection with this action.

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

2

to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Torrington, Connecticut, where the personal property in question was located. Torrington is located in Litchfield County, in the District of Connecticut, 28 U.S.C. § 86, and venue thus lies in the District of Connecticut under 28 U.S.C. § 1391(b)(2). In Plaintiff's complaint, he relies on the Connecticut Unfair Trade Practices Act (CUPTA) and other state law. It also appears that the underlying foreclosure proceedings between Plaintiff and Wells Fargo, N.A., took place in state court in Litchfield County, Connecticut. Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this diversity action to the United States District Court for the District of Connecticut. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Connecticut. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in this district.

4

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  December 7, 2020
        New York, New York

　　　　　　　　　　　　　　　　　　　　　　COLLEEN McMAHON
　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge